IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARY KASH, :

        Plaintiff, : Case No. 3:11cv044

vs. : JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY, :

        Defendant. :

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #14) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #15) SUSTAINED IN PART AND OVERRULED IN PART; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING AND VACATING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g), FOR FURTHER ADMINISTRATIVE PROCEEDINGS CONSISTENT WITH THIS OPINION; TERMINATION ENTRY

---

    Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On January 24, 2012, the United States Magistrate Judge filed a Report and Recommendations (Doc. #14), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed. Based upon a thorough de

novo review of this Court's file, including the Administrative Transcript (Doc. #6), and a thorough review of the applicable law, this Court rejects the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. The Plaintiff's Objections to said judicial filing (Doc. #15) are sustained in part (to the extent that the finding of non-disability is vacated) and overruled in part (to the extent she seeks a remand for the payment of benefits). Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is reversed and vacated, and the captioned cause ordered remanded to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings in conformity with this opinion.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings

of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."

LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.     The decision of the Administrative Law Judge, declining to give the opinions of Plaintiff's treating physicians, Drs. Kevin Sharrett, M.D., and Thomas Brunsman, M.D., either controlling or significant weight was not based upon substantial evidence. First, as indicated by the United States Magistrate Judge, the critical issue in this disability claim, indeed, "the only dispositive issue [is] whether Plaintiff's mental limitations, in combination with her physical limitations, render her "disabled." Doc. #14 at 8. While Plaintiff's treating physicians did attempt to evaluate Plaintiff's disability on the basis of a combination of her mental and physical limitations, there is no evidence that the Administrative Law Judge did likewise. Indeed, her analysis appears to evaluate Plaintiff's physical limitations, standing alone, and her mental limitations, likewise standing alone, rather than in combination with each other. Doc. #6-2. Second, both treating physicians diagnosed the claimant as afflicted with fibromyalgia. Indeed, the Administrative Law Judge recognized Plaintiff's fibromyalgia as a severe impairment. However, although recognizing same as a severe impairment, that hearing officer stated "fibromyalgia, while causing some functional limitations, is not generally considered a disabling impairment within the medical community. In fact, the claimant's lack of exercise or physical therapy program likely contributes to her allegations of fatigue and joint pain"[1]  Doc. #6 at 2. The Administrative Law Judge is absolutely correct

---

[1] This latter comment demonstrates, with crystal clarity, that the Administrative Law Judge substituted her own lay opinion for that of the Plaintiff's treating medical professionals.

in that a diagnosis of fibromyalgia (or anything else, for that matter) does not automatically equate to a disabling impairment. However, it is axiomatic that it is the effect of the fibromyalgia, the residuals, so to speak, together and in combination with her bipolar condition, also recognized as a severe impairment, which must be considered and determined before a decision on disability, within the meaning of the Social Security Act, can be made. By giving "short shrift" to the severe impairment that she herself found, it is clear that the Administrative Law Judge not only failed to consider the totality of Plaintiff's physical and mental impairments, in combination, but that she also failed to consider the affects of Plaintiff's fibromyalgia, not just standing alone, but its affects in combination with all other severe impairments she found.

WHEREFORE, based upon the aforesaid, this Court rejects the Report and Recommendations of the United States Magistrate Judge (Doc. #14) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Plaintiff's Objections to said judicial filing (Doc. #15) are sustained in part (to the extent that she seeks a reversal of the Commissioner's decision of non-disability) and overruled in part (to the extent she seeks a remand for the payment of benefits). Judgment will be ordered entered in favor of the Plaintiff and against Defendant Commissioner, reversing and vacating

the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this opinion, to wit, inter alia: to fully consider and evaluate the Plaintiff's severe impairment of fibromyalgia, separately and in combination with all of her other severe impairments, not limited to that of "bipolar disorder," and to fully consider the affect of all her severe impairments in combination on the question of whether she is disabled, within the meaning of the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 23, 2012

_____
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record