**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| MARY KASH, | : | Case No. 3:11-cv-44 |
| Plaintiff, | : | District Judge Walter H. Rice |
| | | Magistrate Judge Michael J. Newman |
| | : | |
| vs. | | |
| | : | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | | |

**REPORT AND RECOMMENDATION[1] and
NOTICE REGARDING OBJECTIONS**

This case is before the Court on Plaintiff's Motion for Attorney Fees and Costs Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.§ 2412(d). Doc. 19. The Commissioner filed no response to Plaintiff's motion. For the reasons indicated herein, the Court **RECOMMENDS** that Plaintiff's unopposed motion for EAJA fees be **GRANTED**.

## I. Substantial Justification

EAJA provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). EAJA states in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses. . .incurred by

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

>that party in any civil action. . .including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In this case, the Court reversed the non-disability finding of the Administrative Law Judge (ALJ) and ordered a remand to the ALJ for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). *See* docs. 17, 18. Accordingly, Plaintiff is the prevailing party. *See Secretary v. Schaefer*, 509 U.S. 292, 307 (1993) (holding that a claimant who obtains a Sentence Four judgment reversing a denial of benefits for further consideration qualifies as a "prevailing party," and thus may petition for EAJA fees).

In addition, the Commissioner's position during this litigation was not "substantially justified." To be substantially justified, the Government must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Under EAJA, substantial justification means the Government's position was "justified in substance or in the main." *Id.* In other words, the Court must determine whether the Government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Sec'y of H.H.S.*, 905 F.2d 129, 132 (6th Cir. 1990). It is the Government's burden under EAJA to prove that its position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004). Given that no opposition has been filed in response to Plaintiff's motion, the Court finds that the Commissioner has not met his burden of proving substantial justification.

In addition, no evidence in the record suggests that special circumstances bar a fee award here, and the Court, after carefully reviewing the record, finds none. *See* 28 U.S.C. § 2412(d)(1)(A).

Therefore, the Court turns to an analysis of the amount of fees to which Plaintiff's counsel is entitled.

## II. Amount of Attorney's Fee Award

EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff requests an award of attorney's fees in the amount of $3,897.56, which represents 22.1 attorney hours of work at an hourly rate of $176.36. Doc. 19. The requested hourly fee rate represents the $125.00 hourly rate set by EAJA adjusted for inflation based on cost of living increases since the law's enactment. *Id*. In support of the motion, Plaintiff's counsel attached an itemized report of the time he spent on this matter, an affidavit regarding his experience and standard hourly rate, and a number of a number of affidavits regarding the hourly rates charged by attorneys with similar qualifications who practice Social Security law within the jurisdiction of the Southern District of Ohio. *Id*. at PageID 756-57, 770-71, 781-89. Also attached to the motion is a chart regarding the increase in the Department of Labor's Consumer Price Index since 1996, the year in which Congress set the EAJA rate at $125.00 per hour. *Id*. at PageID 758.

In determining the hourly rate for an attorney's fee award, the Court must first consider the prevailing market rate charged by Social Security practitioners in southwestern Ohio. *See* 28 U.S.C. § 2412(d)(2)(A) (the amount of EAJA fees "shall be based upon prevailing market rates for the kind and quality of the services furnished"). *See also Blum v. Stenson*, 465 U.S. 886, 895 n.11(1984)

(holding that the Court, in determining the reasonableness of attorney's fees, must consider whether requested rates commensurate with the fees charged by counsel in the community who possess reasonably comparable skill, experience and reputation).

In *Bryant*, the District Court found – and the Sixth Circuit agreed – that plaintiff failed to satisfy his burden of proof by submitting "only the Department of Labor's Consumer Price Index" and an "argu[ment] that the rate of inflation supported an increase in fees." 578 F. 3d at 450. The District Court held that "[t]his is not enough." *Id*. *See also Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011) (holding that there is no entitlement under EAJA to an inflation adjustment; rather, "the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the [G]overnment"). Accordingly, this Court has routinely found that plaintiffs have failed to meet their burden where no evidence was submitted justifying an increase in the statutory hourly rate, including evidence of their counsel's own customary hourly rate, the requested cost-of-living increase, and the prevailing rate in the local community charged by Social Security practitioners of similar skill, experience, and reputation. *See*, *e.g.*, *Douglas v. Astrue*, No. 3:10-cv-188, 2012 U.S. Dist. LEXIS 36735, at *4-5 (S.D. Ohio Mar. 19, 2012) (rejecting an EAJA attorney's fee award above $125.00 per hour where plaintiff's counsel provided evidence only regarding the Consumer Price Index, but not counsel's own rate or the rates of similarly qualified Social Security practitioners in the area); *Willis v. Astrue*, No. 1:10-cv-594, 2012 U.S. Dist. LEXIS 18393, at *3 (S.D. Ohio Feb. 14, 2012) (same); *Wise v. Astrue*, No. 2:09-cv-355, 2010 U.S. Dist. LEXIS 133675, at *5-6 (S.D. Ohio Dec. 7, 2010) (same).

Having reviewed the evidence submitted by counsel in the instant case (doc. 19, Exhs. A-G), the Court finds that Plaintiff's counsel has met his burden of proving that the prevailing market rate

in the local Dayton and Southwestern Ohio communities charged by Social Security practitioners of similar skill, experience, and reputation is at least $176.36 per hour (the amount requested by counsel). In addition, the Court finds that an increase in the $125.00 statutory rate based on a cost of living adjustment is appropriate, given the nature of the case in question and the increase in the cost of living since the amendment of EAJA. *Accord Begley v. Sec'y of H.H.S.*, 966 F.2d 196, 199-200 (6th Cir. 1992) (increase based on the cost of living is within the discretion of the District Court). Plaintiff seeks attorney's fees for work performed in 2010, 2011, and 2012 at an hourly rate of $176.36. As the hourly rate proposed by Plaintiff is near or below the rate adjusted by the Consumer Price Indices[2] for the relevant time periods ($171.43 for 2010; $176.94 for 2011; $179.14 for 2012), the Court finds that Plaintiff's requested rate of $176.36 is reasonable and should be applied in this case.[3]

The Court next turns to a discussion of the applicable hours Plaintiff's counsel worked relative to the Sentence Four remand, *i.e.*, the time to which the hourly rate of $176.36 shall be applied. Plaintiff's counsel submits that he spent 22.1 hours on this case before the District Court. After a careful review of the record, and in the absence of opposition by the Commissioner, the Court finds the 22.1 hours expended, as claimed by counsel, are reasonable.

The last matter to be addressed concerns the issue of payment. Plaintiff requests that the EAJA fee award be paid directly to counsel. Plaintiff has included as an exhibit to her motion a

---

[2]The Bureau of Labor and Statistics' CPI calculator may be found online at http://www.bls.gov/data/#prices (last visited July 30, 2012).

[3]In 2012, the average of the monthly CPI multipliers for Midwest Urban consumers for the year through March 2012, the last month counsel performed work on the case, was 217.399. Adjusted for the increased cost of living, the statutory rate of $125.00 is increased to $179.14 (Average 2012 CPI of 217.399 divided by March 1996 CPI of 151.7, then multiplied by $125.00).

copy of Plaintiff's fee contract containing an assignment of EAJA fees. Doc. 19-1, PageID 790. However, the United States Supreme Court has clarified that any fees awarded to a prevailing party under EAJA belong to the litigant, not to the litigant's attorney. *See Astrue v. Ratliff*, __ U.S.__, 130 S. Ct. 2521, 2524 (2010). Absent confirmation that Plaintiff owes no debt to the Government, *see id.*, the request for delivery of a fee award directly to Plaintiff's attorney cannot be honored.

### III. Recommendation

Based upon the foregoing, the Court **RECOMMENDS** that the unopposed EAJA fee petition by Plaintiff's counsel (doc. 19) be **GRANTED IN PART**, and that Plaintiff be **AWARDED** $3,897.56 – the full amount requested – in attorney's fees. If the parties confirm that Plaintiff owes no debt to the Government, *see Astrue v. Ratliff*, 130 S. Ct. at 2524, the Commissioner alternatively should be permitted to pay the fee award to Plaintiff's counsel in accordance with the existing fee contract.

July 31, 2012

s/ **Michael J. Newman**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).